**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 03-4680**

————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRIAN ERIC COX,

Defendant - Appellant.

————————————

Appeal from the United States District Court for the District of
South Carolina, at Florence. Terry L. Wooten, District Judge. (CR-
03-154)

————————————

Submitted:  November 7, 2003          Decided:  November 20, 2003

————————————

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

————————————

Remanded by unpublished per curiam opinion.

————————————

Henry Morris Anderson, Jr., ANDERSON LAW FIRM, P.A., Florence,
South Carolina, for Appellant.  Rose Mary Parham, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Brian Eric Cox seeks to appeal his conviction and sentence. In criminal cases, the defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, the district court may grant an extension of time to file of up to thirty days upon a showing of excusable neglect or good cause. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered its judgment on July 10, 2003; the ten-day appeal period expired on July 24, 2003. Cox filed his notice of appeal pro se on August 5, 2003, which was after the ten-day period expired but within the thirty-day excusable neglect period.* Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the court to determine whether Cox has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

We will defer, until the record is returned to us, acting on the motion of the United States to dismiss this appeal.

REMANDED

_____

* We have accorded Cox the date he wrote on the notice of appeal as the filing date. See Houston v. Lack, 487 U.S. 266 (1988).

2